(69 Misc. Rep. 34.)

PEOPLE ex rel. VON DEHSEN v. McKEE, Special Deputy Excise Com'r.

(Supreme Court, Special Term, New York County. September, 1910.)

MANDAMUS (§ 3*)—WHEN LIES—REFUSAL TO ISSUE LIQUOR LICENSE.
　　Where a statute gives a remedy to enforce performance of a duty imposed by it, that remedy is exclusive; and where Liquor Tax Law (Consol. Laws, c. 34) § 27, authorizes certiorari to review action of an excise officer in refusing to issue à liquor certificate, mandamus will not lie, though the act sought to be reviewed is a ministerial and not a judicial one.
　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 27; Dec. Dig. § 3.*]

Application by the People, on the relation of Charles H. Von Dehsen, for a writ of mandamus against Moses H. McKee, Special Deputy Commissioner of Excise for the Boroughs of Manhattan and the Bronx. Motion denied.

Application for peremptory writ of mandamus.

Frederick Durgan, for relator.
Herbert H. Kellogg, for respondent.

PAGE, J. This is a motion for a peremptory writ of mandamus, requiring the special deputy commissioner of excise of the boroughs of Manhattan and the Bronx to issue to the relator a liquor tax certificate for premises 2149–2158 Eighth avenue.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The facts are not disputed. The premises are owned by the relator, and have been occupied, continuously, as a hotel since 1890. In September, 1909, a liquor tax certificate was issued to one John White, under which he trafficked in liquors at these premises until June 27, 1910, when an order revoking the said certificate was served on the said White on the ground that he had permitted and suffered the premises to become disorderly. This order was entered in a proceeding to which the relator was not a party. On June 28, 1910, the relator applied to the special deputy commissioner of excise for a liquor tax certificate to be issued to himself, presenting the statement and bond required by law, in order that he might traffic in liquors at said premises in connection with the hotel business. The special deputy commissioner denied the application and refused to issue the certificate, on the ground that, by reason of the revocation of the certificate of White, no liquor tax certificate could be issued for these premises for a period of one year from the date of the entry of the order cancelling the said certificate, by reason of the provisions of subdivision 8 of section 15 of the liquor tax law (Consol. Laws, c. 34).

The questions involved in this application are of great interest, involving the consideration of the power of the Legislature to provide that an owner of property may, as a penalty for a violation of law by his tenant, be deprived of the use and enjoyment of his property, by reason of a judicial determination in a proceeding to which he was not a party. Unfortunately, we are met with the objection that the relator has mistaken his remedy. A writ of mandamus will only issue when there is no other adequate and legal means to obtain the relief sought. Section 27, subd. 1 (formerly section 28), of the liquor tax law, provides a proceeding by way of a writ of certiorari to review the action of the officer refusing to issue the certificate. "It is a familiar rule in the construction of statutes that, where * * * a new duty is imposed by statute, if a remedy be given by the same statute for its * * * non-performance, the remedy given is exclusive." City of Rochester v. Campbell, 123 N. Y. 405, 414, 25 N. E. 937, 939, 10 L. R. A. 393, 20 Am. St. Rep. 760. As there is a remedy provided which will give the relator his full relief, he must proceed under the statute. While the relief sought is to review a ministerial and not a judicial act, for the special deputy commissioner has no discretionary powers, and hence the remedy provided is different from the common-law writ of certiorari, and the use of the term as applied to this proceeding may be misleading, nevertheless a remedy and procedure for obtaining the relief is provided by statute and must be followed.

In People ex rel. Belden Club v. Hilliard, 28 App. Div. 140, 50 N. Y. Supp. 909, relied on by relator, the propriety of the form of the procedure in getting the question involved before the court was not raised, for the reason that the excise department desired to have an adjudication upon the power of the special deputy commissioner to refuse to issue a liquor tax certificate under the circumstances set forth in that case. As the objection was not made, and the court

did not consider the question, that case is not to be taken as an authority for the review of the act of the special deputy commissioner by mandamus, instead of the statutory proceeding.

Motion denied, without costs.